UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
MARVIN OWENS,                                  :
                                               :
                            Plaintiff,         :
                                               :          INITIAL REVIEW
             -against-                         :          ORDER PURSUANT TO
                                               :          28 U.S.C. § 1915A
                                               :
CITY OF MILFORD, et al.,                       :
                                               :          3:24-CV-286 (VDO)
                            Defendants.        :
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

## I.      INTRODUCTION

Plaintiff Marvin Owens is a prisoner in the custody of the Connecticut Department of Correction ("DOC"), housed at Bridgeport Correctional Center.[1] He filed a *pro se* complaint under U.S.C. § 1983 for violation of his constitutional rights in connection with unlawful arrests in April and July of 2021. *See* (Compl., ECF No. 1 at 2–4).

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

---

[1] The Court may "take judicial notice of relevant matters of public record." *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information on the DOC website shows that Plaintiff was sentenced in September of 2023 to forty-four months of incarceration and is currently housed at Bridgeport Correctional Center. Conn. State Dep't of Corr., *CT Inmate Info*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=314066 (last visited May 20, 2024).

governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein under 28 U.S.C. §1915A.

**III.    <u>FACTUAL ALLEGATIONS</u>**

While the Court does not set forth all facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Defendant Milton Andrade, an officer with the City of Milford Police Department, charged Plaintiff with third degree assault and criminal violation of a protective order after a complainant submitted a false complaint to police on April 12, 2021. (Compl., ECF No. 1 at 3). Officer Andrade issued an arrest warrant for Plaintiff. *Id*. The charges were subsequently dismissed. *Id.*

Plaintiff called the Milford Police Department in May of 2021 regarding a landlord/tenant dispute. *Id.* at 4. Plaintiff maintains he was assaulted by the landlord during that dispute and requested that an unknown Milford police officer arrest the landlord for assault. *Id.* The unknown officer refused to arrest the landlord, telling Plaintiff that if he arrested the landlord, he would also arrest Plaintiff. *Id.* at 4. Plaintiff felt "intimidated and threatened" and walked away. *Id.* Plaintiff went to the Milford police station the next day, where he spoke with Captain Delmonte about the incident. *Id.* Plaintiff filed complaints against the unknown officer and the landlord. *Id.*

The same complainant from the April 12, 2021 incident made another complaint to police on July 7, 2021, alleging Plaintiff assaulted someone at a local liquor store. *Id.* at 3. Sergeant Noss investigated the complaint and issued an arrest warrant for Plaintiff. *Id.* at 3. The charges were subsequently dismissed. *Id.*

Plaintiff informed Milford Police Chief Mello of the false arrests and the incident with the landlord. *Id.* at 4. Chief Mello and the Milford Police Department took no further action. *Id.*

## IV.   **DISCUSSION**

The Court construes Plaintiff's complaint to raise constitutional claims based on false arrest under the Fourth Amendment, intimidation and threatening, and malicious prosecution. But before reaching the merits of these claims, the Court must first examine whether the named defendants can be sued.

### A.   **Claims against the City of Milford and its Police Department**

Some defendants, like the Milford Police Department, cannot be sued. Others can be sued only if certain facts are alleged. To state a claim under § 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally or constitutionally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Although the Supreme Court has held that a municipality is "to be included among those persons to whom § 1983 applies," *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978), a municipal police department is not a municipality. Rather, a police department "is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Reed v. Hartford Police Dep't*, No. 3:03-CV-2147 (SRU), 2004 WL 813028, at *2 (D. Conn, Apr. 6, 2004) (citation omitted). Because a municipal police department is not an independent governmental entity, it is not considered to be a "person"

under section 1983. *Id.* ("Other courts addressing this issue concur that a municipal police department is not a 'person' within the meaning of section 1983 and not subject to suit.") (collecting cases). Accordingly, all claims against the Milford Police Department are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

Plaintiff also sues the City of Milford, which, as stated above, is "to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. But a municipality may be liable in a § 1983 suit only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 692). Therefore, a municipality can only be liable for "'their *own* illegal acts," "not vicariously liable under § 1983 for their employees' actions." *Id.* (quotation and citation omitted; emphasis original).

To hold a municipality liable under § 1983, a plaintiff must plead and prove that the asserted violation of a federally protected right was caused by a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122–23 (1988). A plaintiff must further demonstrate that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* Plaintiff has failed to plead any facts showing that his alleged constitutional injury resulted from "a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final

policymaking authority." *Praprotnik*, 485 U.S. at 123. Accordingly, all claims against the City of Milford are also dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

**B.    Claims against individual police officers**

**1.    Intimidation**

Plaintiff claims he felt "threatened and intimidated" after an unknown Milford police officer told him that if he arrested his landlord, he would also arrest Plaintiff. *See* (Compl., ECF No. 1 at 4). "The Second Circuit has previously held that verbal threats and harassment, by themselves, do not constitute a cognizable claim under Section 1983, no matter how inappropriate or unprofessional, unless the harassment is accompanied by actual injury." *Morgan v. Semple*, No. 3:16-CV-225 (VAB), 2020 WL 887749, at *3 n.3 (D. Conn. Feb. 24, 2020) (collecting cases). Plaintiff has not alleged any injury resulting from the interaction with the unknown officer. This claim against Officer John Doe is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

**2.    Malicious prosecution**

Plaintiff also raises a claim for malicious prosecution. (Compl., ECF No. 1 at 4). Plaintiff claims he informed Milford Police Chief Mello and Captain Delmonte of his false arrest, but they failed to forward Plaintiff's complaint to internal affairs, as police department policy requires. *Id.* "The first element of a malicious prosecution cause of action, under state law or § 1983, is…'that the defendant initiated a prosecution against the plaintiff.'" *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 217 (2d Cir. 2000) (quoting *Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999)). To "initiate" a prosecution, a plaintiff must show "that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (quotation omitted). Defendants Mello

and Delmonte did the opposite of that—they allegedly did nothing with the information Plaintiff gave to them. *See* (Compl., ECF No. 1 at 4). Because they did not "initiate" the prosecution of Plaintiff, these defendants cannot be held liable for malicious prosecution. Therefore, this claim is also dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

### 3.    False arrest

Plaintiff's complaint centers on the allegedly false arrests that occurred on April 12, 2021 and July 7, 2021. *See* (Compl., ECF No. 1 at 3). These arrests were made pursuant to arrest warrants issued by Officer Andrade and Sergeant Noss, respectively. *See id.* Plaintiff sues both officers in their official and individual capacities. *See id.* at 1. Plaintiff cannot sue Officer Andrade and Sergeant Noss in their official capacity. Because an official capacity claim against an official is tantamount to a claim against a governmental entity, when a complaint asserts a § 1983 claim against both a municipal entity and a municipal official in his official capacity, the official capacity claim should be dismissed as duplicative or redundant. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (holding that, where claims against a municipality were dismissed, claim against police officers in their official capacity was also properly dismissed because it was essentially a claim against the municipality); *Baines v. Masiello*, 288 F.Supp.2d 376, 384–85 (W.D.N.Y. 2003) (dismissing claims against municipal officers as duplicative of claims against the municipality itself). Therefore, Plaintiff may only sue Officer Andrade and Sergeant Noss in their individual capacities.

The Fourth Amendment gives individuals a right to be free from arrests made without probable cause. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). This right is violated when the officer submitting an arrest warrant application "knowingly and intentionally, or with reckless disregard for the truth," makes a false statement or omits material information from his

6

affidavit, and such information is necessary to the probable cause determination. *Soares v. Connecticut,* 8 F.3d 917, 920 (2d Cir. 1993).

The Court finds, at this early stage, that Plaintiff has stated a Fourth Amendment claim for false arrest against Officer Andrade and Sergeant Noss. In both instances, Plaintiff alleges the existence of exculpatory video footage, which the Court will infer is alleged to have been omitted from the arrest warrant affidavit. *See Manon v. Brantly*, No. 3:17-CV-758 (JCH), 2017 WL 4050307, at *1 n.1 (D. Conn. Sept. 12, 2017) (citing *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("For the purposes of an Initial Review Order, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor."). Exculpatory video evidence would have been material to the issuing court's determination of probable cause. While this may not explain why Plaintiff's cases were subsequently dismissed, the dismissal of these cases is evidence that probable cause may not have existed. *See Weyant*, 101 F.3d at 852 (noting that a conviction is normally conclusive evidence of probable cause, but evidence of dismissal would be admissible to refute there was probable cause). Plaintiff's Fourth Amendment claim may proceed against Officer Andrade and Sergeant Noss in their individual capacities.

## V.    ORDERS

For the reasons set forth above, the Court enters the following orders:

(1) Plaintiff may proceed on his Fourth Amendment false arrest claim against Officer Andrade and Sergeant Noss in their individual capacities.

(2) All other claims are DISMISSED.

(3) **The Clerk shall** mail a waiver of service of process request packet containing the Complaint and this Order to Officer Andrade and Sergeant Noss at the Milford Police

Department, 430 Boston Post Rd. Milford, CT 06460 within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

(4) **The Clerk shall** send the plaintiff a copy of this Order.

(5) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d)(1) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the

plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED.**

Hartford, Connecticut
June 10, 2024

 /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge